## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.:  21-cv-936

| | |
|---|---|
| Ryann M. Daly,<br><br>　　　　　Plaintiff,<br>v.<br><br>U.S. Bank, National Association, Discover Financial Services, Inc, and Keynote Consulting, Inc.,<br><br>　　　　　Defendants. | **COMPLAINT**<br><br>**WITH JURY TRIAL DEMANDED** |

### INTRODUCTION

1.　This action arises out of Defendant U.S. Bank, National Association ("Defendant US Bank"), Defendant Discover Financial Services, Inc. ("Defendant Discover"), and Defendant Keynote Consulting, Inc's (hereinafter "Defendant Keynote")(collectively hereinafter "Defendants") violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### JURISDICTION

2.　Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1681 and 28 U.S.C. § 1331.

3.　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct in question occurred in this District, Plaintiff resides in this District, and Defendants transact substantial business in this District.

## PARTIES

4.   Plaintiff, Ryann M. Daly (hereinafter "Plaintiff"), is a natural person who resides in the city of Excelsior, county of Hennepin, state of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5.   Defendant, US Bank is a federally chartered bank organized under the laws of the United States of America. Defendant US Bank's principal place of business is located at 800 Nicollet Mall, Minneapolis, Minnesota 55402. Defendant US Bank is authorized to conduct business in the state of Minnesota and regularly does conduct business in said State. Defendant US Bank is a "person" as defined in 15 U.S.C. § 1681a(b); and a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

6.   Defendant, Discover is a foreign corporation organized under the laws of the State of Delaware and headquartered at 2500 Lake Cook Road, Riverwoods, IL 60015. Defendant Discover has a registered agent of CT Corporation System, 208 S LaSalle St., Suite 814. Chicago, IL 60604.  Defendant Discover is a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

7.   Defendant, Keynote is a collection agency headquartered at 1530 E Dundee Rd., Suite 190, Palatine, IL 60074. Defendant Keynote's registered agent for service is Como Law Firm P.A., 1543 Como Ave., Suite 102, St. Paul, MN 55108.  Defendant Resurgent is a "person" as defined in 15 U.S.C. § 1681(a)(b); and is a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

## PURPOSE OF THE FAIR CREDIT REPORTING ACT

8.    Consumer credit plays a major role in the lives of American consumers entering into the American marketplace and the economic system in general. Fair and accurate credit reporting acts as a gatekeeper to credit purchases, employment and income, basic commercial services, insurance coverage, housing rentals, and a broad range of other transactions. Robert J. Hobbs & Stephen Gardner, THE PRACTICE OF CONSUMER LAW 39-40 (2nd ed. 2006).

9.    Congress investigated and determined that the banking system is dependent upon fair and accurate reporting, that inaccurate credit reports directly impair the efficiency of the banking system, and that unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. 15 U.S.C. § 1681(a)(1).

10.    The FCRA was created to "ensure fair and accurate credit reporting, promote efficiency, and protect consumer privacy." *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 52 (2007).

11.    The FCRA was proposed in 1968 as an amendment to the original Truth in Lending Act. Senator Proxmire (D-WI) announced his intention to create legislation addressing the growing frequency of cases in which a consumer "is unjustly denied because of *faults or incomplete information in a credit report*," and entered an initial draft of what would eventually become the FCRA into the Congressional Record. Anthony Rodriguez et al., FAIR CREDIT REPORTING 8 (5th ed. 2002) (citing 114 Cong. Rec. 24904 (Aug. 2, 1968)) (emphasis added).

3

12.    Senator Proxmire listed five types of abuses requiring Congressional response, including biased or one-sided information and incomplete information. Anthony Rodriguez et al., FAIR CREDIT REPORTING 8 (5th ed. 2002) (citing 115 Cong. Rec. 2411 (Jan. 31, 1969)).

13.    Congress considered inaccurate and misleading information to be the most serious problem. Anthony Rodriguez et al., FAIR CREDIT REPORTING 10 (5th ed. 2002).

14.    The FCRA applies to situations in which information relevant to a consumer's "credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" is collected. Anthony Rodriguez et al., FAIR CREDIT REPORTING 5 (5th ed. 2002) (citing 15 U.S.C. § 1681a(d)).

15.    An inaccurate or misleading credit report can not only significantly and unfairly lower a consumer's credit worthiness but can also prevent consumers from full access to the American marketplace and negatively impact a consumer's living standard and general reputation on the whole if a consumer's character and mode of living is not accurately portrayed. Congress enacted the FCRA to prevent this arbitrary and iniquitous result.

16.    Furthermore, in 1996, Congress, to increase the "accuracy and integrity" of information supplied to credit reporting agencies, added 15 U.S.C. § 1681s-2 to the FCRA by passing the Consumer Credit Reform Act. The provision, "[r]esponsibilities of furnishers of information to consumer reporting agencies," subjected data furnishers, who were not previously covered by the FCRA, to requirements related to accuracy and the handling of consumer disputes. These

provisions were originally scheduled to sunset in 2003 but were considered important enough to Congress to be made permanent in the Fair and Accurate Credit Transactions Act of 2003. (Federal Trade Commission Staff: 40 Years of Experience with the Fair Credit Reporting Act, pp. 1, 2, 92. Retrieved from the FTC website: http://www.ftc.gov/os/2011/07/110720fcrareport.pdf).

## FACTUAL ALLEGATIONS

17.   Sometime after Plaintiff's father passed away in 2017, Plaintiff became aware that her father had used her identity to obtain loans and accounts.

18.   Plaintiff is a victim of identity theft.

19.   In August 2019 Plaintiff contacted Defendant Discover and disputed the account that was fraudulently opened in her name, specifically account 6011XXXXXXXX0748 ("Discover account ending in 0748").

20.   Discover allegedly researched Plaintiff's dispute and found that the account was "valid" and sent Plaintiff a copy of a payment that was made on the Discover account ending in 0748.

21.   Getting nowhere with the creditors that the fraudulent accounts were opened with, Plaintiff contacted the Consumer Financial Protection Bureau ("CFPB") beginning in January 2020.

22.   The CFPB contacted all Defendants.

23.   Despite the complaints, Defendants all verified the accounts as belonging to Plaintiff.

24.   On or about August 10, 2020, Plaintiff submitted disputes to the credit bureaus,

Trans Union LLC ("TU"), Experian Information Solutions Inc. ("Experian") and Equifax Information Services LLC ("Equifax"), in accordance with 15 U.S.C. §1681i, specifically disputing the following accounts that were not hers and had been fraudulently opened by her father using her identity:

- Capital One Account # XXXXX8504
- Midland Credit Management account
- Elan Financial Service Account #403766XXXXXXXXXX
- Keynote Consulting Account #21XXXX
- Discover Financial Account #601100XXXXXXXXXX

25. In turn, the credit reporting agencies, including but not limited to Experian, communicated Plaintiff's dispute to Defendants.

26. Defendants all failed to conduct a reasonable investigation into Plaintiff's dispute and in doing so violated 15 U.S.C. §1681s-2(b) and additionally failed to update its reporting to show that its tradeline was "disputed".

27. The Defendants' fraudulent accounts remained on Plaintiff's credit profile without a dispute notation which could have done by Defendant populating the "CCC" Metro II field with the code "XB".

28. As a result of Defendants failing to suppress or delete the fraudulent accounts to the national credit reporting agencies, Plaintiff submitted a second round of disputes to the credit reporting agencies in 2020, in accordance with 15 U.S.C. §1681i, specifically disputing that the accounts listed above in paragraph 24 were not hers and had been fraudulently opened and included a copy of the identity theft reports she filed with the St. Louis Police Department (Case SL20001414).

29. In turn, the credit reporting agencies contacted each Defendant again with Plaintiff's

dispute and provided Plaintiff's proof documentation.

30.  Defendants failed to conduct a reasonable investigation and all verified again to the credit reporting agencies that the accounts belonged to Plaintiff and were accurately reporting on her credit report, in violation of 15 U.S.C. § 1681s-2(b).

31.  Defendants continued reporting of the fraudulent accounts have adversely and/or negatively affected Plaintiff's credit profile and each Defendant again failed to update the tradeline as "disputed" when Defendants were aware that Plaintiff's dispute was meritorious and legitimate.

32.  As a result of Defendants' inaccurate and malicious reporting to the credit reporting agencies that the fraudulent accounts belonged to Plaintiff, Plaintiff has suffered reduced credit, emotional distress, embarrassment, frustration, distraction from work, loss of sleep, and anxiety constituting actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and § 1681n.

33.  Plaintiff is entitled to attorney's fees and costs from each Defendant pursuant to 15 U.S.C. § 1681o(a)(2) and § 1681n.

## **TRIAL BY JURY**

34.  Plaintiff is entitled to, and hereby demands, a trial by jury.  US Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 *et seq.*

35.   Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

36.   Defendants violated 15 U.S.C. § 1681s-2(b) when each received the notifications of disputes from the credit reporting agencies concerning the Plaintiff's disputed accounts, failed to conduct reasonable investigations, and failed to delete the offending fraudulent accounts.

37.   As a result of Defendants' violations of the FCRA, Plaintiff has suffered actual damages not limited to out-of-pocket expenses, detriment to her credit rating, emotional distress, and mental anguish in an amount to be determined at trial.

38.   Defendants' conduct, actions, and inactions were willful, rendering it liable for damages in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n.

39.   Alternatively, Defendants' violations were negligent, rendering it liable for damages under 15 U.S.C. § 1681o.

40.   Plaintiff is entitled to recover actual damages, statutory damages, and costs and attorney's fees from each Defendant in an amount to be determined by the Court, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- actual, statutory and punitive damages, and costs and attorneys' fees for Defendants' violations of the FCRA, pursuant to 15 U.S.C §§ 1681n and 1681o, in an amount to be determined at trial; and
- for such other and further relief as the Court may deem just and proper.

Dated this 6th day of April 2021.

By: s/Thomas J. Lyons Jr.
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 704-0907
tommy@consumerjusticecenter.com

*ATTORNEY FOR PLAINTIFF*

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF</u>

I, Ryann Daly, declare under penalty of perjury, as provided for by the laws of the

United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated this ___ day of March 2021.

s/Ryann Daly
Ryann Daly